MILDRED A. YOUNTS v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

No. 7119SC492

(Filed 12 January 1972)

Insurance §§ 82, 105— unsatisfied judgment — action against automobile liability insurer — proof of ownership of vehicle involved in collision

In an action against an automobile liability insurer to recover upon a judgment obtained against a motorist allegedly insured by defendant as the named insured of an owned vehicle, wherein defendant insurer alleged it was not liable on the ground that the negligent motorist was not the owner of the 1953 Oldsmobile involved in the collision with plaintiff and had no insurable interest therein, the trial court did not err in the exclusion of testimony by plaintiff's witness that he had at one time owned a 1953 Oldsmobile, that he sold it to another, that the vehicle was repossessed by a bank and that the bank sold it to the negligent motorist, plaintiff not having laid the proper foundation to show the need of an explanation of the transaction, and the witness not having identified the vehicle as the one described in defendant's contract of insurance.

Judge VAUGHN dissents.

APPEAL by plaintiff from *Beal, Judge,* 4 January 1971 Session of Superior Court held in RANDOLPH County.

Plaintiff seeks to recover upon a $6,500.00 judgment which she obtained against one Donald Joe Myers (Myers).

Plaintiff's complaint undertakes to allege, in the alternative, six causes of action. However, on this appeal plaintiff argues to sustain only the cause of action based upon Myers' operation of a 1953 Oldsmobile as the named insured of an owned vehicle.

Plaintiff's allegations may be summarized as follows: That on 1 June 1962 defendant issued to Myers a policy of insurance providing coverage to Myers for liability arising from his (Myers') operation of the 1953 Oldsmobile as an owned vehicle; that on 3 November 1962, while said policy was in force, Myers' negligent operation of his 1953 Oldsmobile caused damage to plaintiff; that plaintiff sued Myers and recovered judgment for $6,500.00; and that the judgment has not been paid.

Defendant in its answer admitted the issuance of the policy identified in the complaint, but denied that Myers was the owner of the 1953 Oldsmobile, and further alleged that it was not liable because Myers had no insurable interest in the 1953 Oldsmobile.

The trial judge would not allow plaintiff to introduce parol evidence tending to show the execution and delivery of a North Carolina Department of Motor Vehicles title certificate for a 1953 Oldsmobile to Myers in May or June 1962. At the close of plaintiff's evidence, defendant's motion for a direct verdict was allowed. Plaintiff appealed.

*John Randolph Ingram for plaintiff.*

*Edwin T. Pullen for defendant.*

BROCK, Judge.

Plaintiff did not undertake to offer into evidence a certified copy of the motor vehicle title certificate to establish ownership of the 1953 Oldsmobile by Myers. Therefore, according to this record, it is not known in whose name the vehicle was registered. If it was registered in Myers' name, obviously it should have been introduced as an idicia of ownership. If it was not registered in Myers' name, it should have been introduced to show that it was not and thereby establish grounds for explanatory evidence.

At the final pre-trial conference, plaintiff announced that Donald Joe Myers and Mrs. Donald Joe Myers were witnesses,

and stipulated that all witnesses were available and that the case was ready for trial. However, plaintiff did not call Myers or Myers' wife as a witness to testify about a purchase of the 1953 Oldsmobile or the location of the title certificate therefor.

The only evidence offered by plaintiff concerning ownership of the 1953 Oldsmobile was the testimony of one Billy Joe Wright. Wright undertook to testify that he owned the 1953 Oldsmobile at one time; that he sold it to one Arthur Lee Charles; that it was financed for Charles by Lexington State Bank; that Lexington State Bank repossessed the car from Charles; and that Lexington State Bank sold the car to Myers. This testimony was not allowed before the jury, and this exclusion of evidence by the trial judge constituted the crux of plaintiff's appeal.

We think the trial judge was correct in excluding the tendered evidence. Plaintiff may have been able to make the evidence competent by laying the proper foundation which showed the need of an explanation of the transaction, but she has not done so. As noted above, so far as this record discloses the vehicle was registered in Myers' name with the Department of Motor Vehicles and no such explanation was necessary. Additionally, we note that the tendered testimony does not sufficiently identify the vehicle described by the witness as the vehicle described in defendant's contract of insurance.

We do not wish to be understood as holding that the only way to prove ownership of a motor vehicle is by a certificate of title which has been properly registered with the Department of Motor Vehicles. An innocent third party should not be required to suffer merely because the purchaser of a motor vehicle may have failed to comply with the provisions of G.S. 20-72. However, as in most instances, plaintiff had the burden of proof and we hold that she failed to carry her burden sufficiently to submit the case to the jury.

Affirmed.

Judge GRAHAM concurs.

Judge VAUGHN dissents.